A00042679D01

**IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA**

**BRANDON DIEDERICH,**
13730 Birchwood Avenue
Omaha, Nebraska 68137
Plaintiff, *pro se*.

CI 26-7276.

v.

**CHI NEBRASKA d/b/a**
**CHI HEALTH LASTING HOPE RECOVERY CENTER,**
415 South 25th Avenue
Omaha, Nebraska 68131
Defendant.

#16 FILED
District Court
DOUGLAS COUNTY, NEBRASKA
AUG 18 2026
CLERK DISTRICT COURT

Case No. CI ______________

(To be assigned by the Clerk)

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Brandon Diederich, appearing *pro se*, and for his causes of action against Defendant CHI Nebraska d/b/a CHI Health Lasting Hope Recovery Center, states and alleges as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. § 48-1101 *et seq.*, and Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*

2. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to Neb. Rev. Stat. § 24-302 and Neb. Rev. Stat. § 48-1119(4).

3. Venue is proper in Douglas County, Nebraska, pursuant to Neb. Rev. Stat. § 25-403.01, because the unlawful employment practices alleged herein occurred within Douglas County, where Defendant maintains a place of business.

4. Plaintiff has exhausted all required administrative remedies. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 563-2026-01008, and dual-filed with the Nebraska Equal Opportunity Commission.

5. On August 1, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights (Notice of Right to Sue). A true and correct copy of said Notice is attached hereto as **Exhibit A** and incorporated herein by reference.

6. Plaintiff has timely commenced this civil action within ninety (90) days of his receipt of the EEOC Notice of Right to Sue.

### II. PARTIES

7. Plaintiff Brandon Diederich is a natural person residing at 13730 Birchwood Avenue, Omaha, Douglas County, Nebraska 68137. At all times relevant hereto, Plaintiff was an "employee" within the meaning of

Exhibit A

Neb. Rev. Stat. § 48-1102(6) and 42 U.S.C. § 12111(4).

8. Defendant CHI Nebraska d/b/a CHI Health Lasting Hope Recovery Center is a Nebraska corporation operating a facility at 415 South 25th Avenue, Omaha, Douglas County, Nebraska 68131. At all times relevant hereto, Defendant was an "employer" within the meaning of Neb. Rev. Stat. § 48-1102(2) and 42 U.S.C. § 12111(5).

## III. FACTUAL ALLEGATIONS

9. On or about September 25, 2023, Plaintiff commenced employment with Defendant as a Mental Health Technician.

10. Plaintiff is a qualified individual with a disability. Plaintiff has been diagnosed with schizoaffective disorder, a mental impairment that substantially limits one or more major life activities when active, within the meaning of 42 U.S.C. § 12102 and Neb. Rev. Stat. § 48-1102(8).

11. During his employment, Plaintiff experienced certain instances of workplace harassment related to his disability and personal characteristics. Plaintiff reported these matters to management and human resources.

12. The cumulative stress of the work environment aggravated Plaintiff's schizoaffective disorder.

13. As a result, Plaintiff requested, and Defendant approved, a period of medical leave as a reasonable accommodation under the Americans with Disabilities Act and the Nebraska Fair Employment Practice Act.

14. While on approved medical leave as a reasonable accommodation, Plaintiff obtained full physician clearance to return to work approximately six months earlier than the originally anticipated duration of the leave.

15. Plaintiff promptly notified Defendant of his medical clearance and requested to resume his regular duties.

16. Despite Plaintiff's proactive request to return to work early, Defendant provided only a single, rigid time window in which Plaintiff was required to complete return-to-work onboarding and related administrative steps.

17. During that limited window, Plaintiff experienced an unexpected acute medical issue that briefly interfered with his ability to complete the scheduled step on the exact date and time unilaterally set by Defendant.

18. Plaintiff communicated the medical issue to Defendant and sought a reasonable opportunity to complete the return-to-work process on an alternative date.

19. Defendant refused to engage in a good-faith interactive process. Defendant offered no alternative scheduling, no reasonable flexibility, and no second opportunity to complete the return-to-work requirements.

20. On or about December 3, 2025, while Plaintiff remained on approved medical leave as a reasonable accommodation under the ADA and was actively seeking to return to work with physician clearance, Defendant mailed Plaintiff a notice of termination.

21. The termination was issued without prior interactive discussion, without warning, and without providing Plaintiff a reasonable opportunity to complete the return-to-work process.

22. Defendant's refusal to allow a fair and flexible return to work, and its decision to terminate Plaintiff while he remained on approved accommodation leave, violated Defendant's obligations under the ADA and NFEPA to provide reasonable accommodation and to engage in an ongoing good-faith interactive process.

23. The termination was retaliatory and pretextual, motivated by Plaintiff's disability, his use of medical leave as a reasonable accommodation, and his attempt to exercise his right to return to work upon medical clearance.

24. As a direct and proximate result of Defendant's unlawful failure to accommodate, failure to engage in a good-faith interactive process, and retaliatory termination, Plaintiff has suffered lost wages and benefits, lost employment opportunities (including potential loss of a conditional offer of employment that included a recruitment incentive), emotional distress, and aggravation of his pre-existing disability. Plaintiff reserves the right to present evidence of all damages at the appropriate time.

## IV. CAUSES OF ACTION

**COUNT I — Failure to Accommodate and Failure to Engage in Good-Faith Interactive Process**

(Americans with Disabilities Act, 42 U.S.C. § 12112; Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1104)

25. Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff was a qualified individual with a disability who could perform the essential functions of his position with or without reasonable accommodation.

27. Defendant knew of Plaintiff's disability and approved medical leave as a reasonable accommodation under the ADA and NFEPA.

28. When Plaintiff obtained physician clearance and sought to return to work approximately six months early, Defendant had a continuing duty to engage in a good-faith interactive process to determine whether and how Plaintiff could resume his duties.

29. Defendant breached that duty by imposing a single rigid return-to-work window, refusing any reasonable flexibility or alternative scheduling after Plaintiff experienced a brief medical issue during that window, and terminating Plaintiff's employment instead of allowing him a fair opportunity to complete the return process.

30. Defendant's conduct constitutes a failure to accommodate and a failure to engage in the interactive process required by the ADA and NFEPA.

31. As a direct and proximate result, Plaintiff has suffered economic and non-economic damages.

**COUNT II — Retaliation**

(Americans with Disabilities Act, 42 U.S.C. § 12203; Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1114)

32. Plaintiff realleges and incorporates by reference Paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff engaged in protected activity under the ADA and NFEPA by requesting and using medical leave as a reasonable accommodation and by attempting to return to work upon receiving physician clearance.

34. Defendant took adverse action against Plaintiff by terminating his employment on or about December 3, 2025, while Plaintiff remained on approved accommodation leave and was seeking to return to work.

35. A causal connection exists between Plaintiff's protected activity and the termination. The timing of the termination—while Plaintiff was still on approved leave and after he sought a flexible return—supports an inference of retaliatory motive.

36. Defendant's stated reasons for the termination were pretextual.

37. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered economic and non-economic damages.

**COUNT III — Disability Discrimination**

(Americans with Disabilities Act, 42 U.S.C. § 12112; Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1104)

38. Plaintiff realleges and incorporates by reference Paragraphs 1 through 37 as though fully set forth herein.

39. Defendant terminated Plaintiff's employment because of his disability and his use of disability-related medical leave as a reasonable accommodation.

40. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered economic and non-economic damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues and counts so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Diederich respectfully requests that this Court enter judgment in his favor and against Defendant CHI Nebraska d/b/a CHI Health Lasting Hope Recovery Center as follows:

A. A declaration that Defendant violated the Americans with Disabilities Act and the Nebraska Fair Employment Practice Act;

B. An award of back pay, front pay, and the value of lost employment benefits, according to proof;

C. An award of compensatory damages for emotional distress, mental anguish, aggravation of Plaintiff's pre-existing disability, lost employment opportunities (including any lost recruitment incentives), and other consequential damages, in amounts to be determined at trial;

D. An award of punitive damages to the extent permitted by law;

E. Pre-judgment and post-judgment interest as allowed by law;

F. Costs of this action; and

G. Such other and further relief as the Court deems just and proper.

Dated this _____ day of ________________, 2026.

Respectfully submitted,

_________________________________

**Brandon Diederich**
Plaintiff, *pro se*
13730 Birchwood Avenue
Omaha, Nebraska 68137
Telephone: (402) 690-4302
Email: diederichbrandon88@gmail.com

# EXHIBIT A

## EEOC Determination and Notice of Rights

(Notice of Right to Sue)

Charge No. 563-2026-01008
Issued: August 1, 2026

Attached hereto and incorporated by reference
into the Complaint of Brandon Diederich.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Kansas City Area Office
400 State Ave, Suite 905
Kansas City, KS 66101
Telephone: (913) 340-8810
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/01/2026

**To:** Mr. Brandon M. Diederich
13730 Birchwood Ave
Omaha, NE 68137

Charge No: 563-2026-01008

EEOC Representative and email: Christina Alexander, Federal Investigator & christina.alexander@eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 563-2026-01008.

On behalf of the Commission,

Digitally Signed By:DAVID DAVIS
08/01/2026

David Davis
District Director

cc: Lasting Hope Recovery Venter

Please retain this Notice for your records.

Image ID:
D01065627D01

# SUMMONS

Doc. No. 1065627

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha NE 68183

Brandon Diederich v. CHI Nebraska

Case ID: CI 26 7276

TO: CHI Nebraska
DBA: CHI Health Lasting Hope Rec. Cntr.

You have been sued by the following plaintiff(s):

Brandon Diederich

Plaintiff: Brandon Diederich
Address: 13730 Birchwood Ave
Omaha, NE 68137

Telephone: (402) 690-4302

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: AUGUST 19, 2026 BY THE COURT: Crystal Rhoades
Clerk

FOURTH DISTRICT COURT ★ DOUGLAS COUNTY, NEBRASKA ★

Image ID: D01065627D01

# SUMMONS

Doc. No. 1065627

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

CHI Nebraska
c/o Registered Agent/Corporate Ofc
415 South 25th Avenue
Omaha, NE 68131

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.